UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>EMERGENCY PHYSICIANS PROFESSIONAL ASSOCIATION,<br><br>      Defendant. | Civ. Act. No. 99-1489 (ADM/AJB)<br><br>**CONSENT DECREE** |

## I. INTRODUCTION

The Equal Employment Opportunity Commission ("EEOC") filed this action on September 30, 1999, pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The EEOC alleges that the defendant, Emergency Physicians Professional Association ("EPPA"), subjected Amy Schrick, Renee Adkins, and Sandra Long to a sexually hostile work environment.

EPPA expressly denies that it subjected Schrick, Adkins, and/or Long to a sexually hostile work environment, that it is liable to Schrick, Adkins, Long, and/or the EEOC on any basis, or that it has engaged in any improper or unlawful conduct or wrongdoing against Schrick, Adkins, and/or Long.

Both parties have agreed to resolve the disputes between them

FILED MAY 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT MAY 19 2000
DEPUTY CLERK

rather than engage in protracted and expensive litigation.

II. **SETTLEMENT TERMS**

    A. **Monetary Payments**

EPPA has agreed to settle these claims for $155,000. EPPA agrees to mail checks to Schrick, Adkins, and Long in the amounts designated below within ten business days of the date that this Consent Decree is approved by the Court. EPPA will pay Schrick a total of $85,000. $26,000 of the amount paid to Schrick is designated as wages subject to all withholding required by law, and $59,000 of the amount paid to Schrick is designated as alleged damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. EPPA will pay Adkins a total of $50,000. $12,000 of the amount distributed to Adkins is designated as wages subject to all withholding required by law, and $38,000 of the amount distributed to Adkins is designated as alleged damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. EPPA will pay Long $20,000 as alleged damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

The EEOC has endeavored to make a fair and appropriate allocation of the settlement funds between Schrick, Adkins, and Long. No representations are made by or to any party to this

Decree as to the tax consequences of these transactions. Schrick, Adkins, and Long shall be separately responsible for their own tax liability relating to or resulting from these transactions. Any tax liability that may occur shall not affect the validity or enforcement of this Consent Decree.

B. **Non-Monetary Terms**

1. **Injunction**

EPPA is enjoined from subjecting its employees to sexual harassment as prohibited by 42 U.S.C § 2000(e) *et seq*.

2. **Sexual Harassment Training**

EPPA shall provide sexual harassment training to all of its managers, supervisors, and human resources personnel. Such training shall be conducted by one or more outside trainers chosen by EPPA. The training shall be conducted in 2000.

Sexual harassment training, already conducted by Sepler & Associates in 2000, and provided by EPPA to EPPA employees, satisfies this requirement. EPPA shall provide the same or similar sexual harassment training to any employee who has not yet attended the training provided by Sepler & Associates.

Upon compliance with this provision of this Consent Decree, EPPA will, through its representative in this lawsuit, Mary E. Stumo, promptly certify to the undersigned counsel for the EEOC that it has complied with this provision of the Consent Decree.

3. **Reporting Of Sexual Harassment Complaints**

On December 1, 2000 and May 1, 2001, EPPA shall provide the EEOC a report describing all reports of sexual harassment reported in accordance with the reporting procedures stated in paragraph ¶ 4 of EPPA's "Inappropriate Conduct and Anti-Harassment Policy" (attached as Exhibit 1). The report will state the date of the report and information about investigation and resolution of the report.

4. **Posting Of Notice**

EPPA shall post the Notice, attached to this Decree as Exhibit 2, in a clear and conspicuous location reserved for the posting of employee notices at its headquarters. EPPA shall post this Notice within five calendar days of approval of this Consent Decree by the Court, for one year.

5. **Length Of Decree**

This Decree shall remain in full force and effect for 18 months from the date of its approval by the Court. After 18 months from the date of its approval by the Court, this Decree shall expire and EPPA's responsibilities to the EEOC under this Decree shall be satisfied. When this Decree expires, this Court will have no further jurisdiction over EPPA or the EEOC in this matter, including, but not limited to the non-monetary terms of this Decree.

6. **Stipulation And Order For Dismissal**

Both parties request that this Court approve this Consent Decree and, pursuant to F.R.Civ.P. 41(a)(2), dismiss this case with prejudice, without costs to either party, and with the Court retaining jurisdiction for purposes of enforcing this Consent Decree Only.

Dated: _May 1_____, 2000    EQUAL EMPLOYMENT
                            OPPORTUNITY COMMISSION

                            _____
                            Jean Kamp
                            Acting Regional Attorney

                            _____
                            Barbara L. Henderson
                            Senior Trial Attorney
                            310 West Wisconsin Avenue
                            Milwaukee, WI 53202

Dated: _May 17____, 2000    FAEGRE & BENSON LLP

                            _____
                            Mary E. Stumo, #122440
                            Holly M. Robbins, #260381

                            2200 Norwest Center
                            90 South Seventh Street
                            Minneapolis, MN 55402-3901

                            Attorneys for Emergency
                            Physicians Professional
                            Association

5

SO ORDERED, ADJUDGED AND DECREED this __18__ day of __May__, 2000.

_____
ANN D. MONTGOMERY
United States District Court Judge

# INAPPROPRIATE CONDUCT AND ANTI-HARASSMENT POLICY

The Company is committed to maintaining a work environment that is free from unlawful discrimination and harassment, including unlawfully intimidating, hostile, or offensive conduct. Discrimination, harassment, and other inappropriate conduct that is based on sex, race, color, national origin, ancestry, religion, disability, age, sexual orientation, or any other unlawful basis is against the Company's policy and will not be tolerated. Voice-mail and electronic communications (such as e-mail and Internet use) are covered by this policy in the same manner as other communications and actions.

1. **Prohibited Conduct Defined**

   For the purpose of this policy, prohibited conduct includes verbal, visual, or physical conduct that relates to another person's sex, race, color, national origin, ancestry, religion, disability, age, sexual orientation, or other status protected by law, where such conduct may have the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

   Prohibited conduct may include, among other things, telling racist or sexist jokes or making offensive or derogatory remarks about another person's race, ancestry, national origin, age, sexual orientation, or disability. Prohibited conduct includes, among other things, sexual harassment as defined below.

   Prohibited conduct may occur not only through personal contact, comments, visual displays, or observation, but also through exposure to media such as e-mail; display of Internet sites or other material or information on computer monitors; or radio or television "talk shows" or other broadcasts containing sexually explicit, vulgar, profane, or otherwise offensive language.

2. **Sexual Harassment Defined**

   Unwelcome advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature constitute sexual harassment and are prohibited, where:

   a. Submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment; or

   b. Submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual; or

   Over.,

**EXHIBIT 1**

 c. Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

Sexually harassing conduct may include, among other things, use of suggestive sexual comments, jokes, or innuendo; persistent, unwanted flirtation or invitations for dates or other social activities; unwelcome sexual advances or passes; sexual remarks or questions about a person's body, clothing, or sexual activities; patting, pinching, or other offensive touching; or displays of sexually suggestive pictures or objects.

Sexual harassment may include conduct between members of the same gender.

### 3. Persons Covered

Unlawful discrimination and harassment is prohibited whether it is committed by managers, supervisors, co-workers, or non-employees, including vendors, suppliers, customers, or patients. Company personnel must not engage in prohibited conduct against Company personnel or personnel of the Company's vendors, suppliers, customers, or patients.

### 4. Complaint Procedure

 a. **Employees** who become aware of or are subject to discrimination or harassment are strongly encouraged to notify Dr. Don Brandt, Dr. Deb Croker, John Husmoe or Kristi Rennich immediately. The Company may ask that complaints be put in writing and signed by the complainant, to facilitate the investigation process.

 b. **Supervisors or managers** who become aware of any incidents or alleged incidents of discrimination or harassment must immediately report them directly to the Company official identified in paragraph 4(a) above. Supervisors and managers who receive complaints of discrimination or harassment must consult Dr. Don Brandt before undertaking an investigation or other action. Any supervisor or manager who fails to report allegations of discrimination, harassment, or other prohibited conduct or who otherwise fails to deal properly with such allegations may be subject to discipline, up to and including discharge.

 c. **Investigation and Response**

The Company will take prompt action to investigate allegations of unlawful discrimination or harassment. Based upon its investigation, the Company will take immediate and appropriate corrective action. Any employee found to have engaged in discrimination, harassment, or other prohibited conduct will be subject to appropriate discipline, up to and including discharge. Immediate and appropriate steps will also be taken if any non-employee (such as a vendor, supplier, customer, or patient) is found to have unlawfully discriminated against or harassed any employee of the Company.

    d.    <u>Confidentiality and Non-retaliation</u>

Reports of discrimination or harassment will be kept confidential to the extent possible, consistent with the need for a thorough investigation. The Company will not retaliate or take any form of reprisal against any victim of or witness to discrimination or harassment, and any such retaliation or reprisal by a Company employee is forbidden. Any employee who retaliates against another employee or witness because of a complaint of discrimination or harassment, or because of participation in any investigation, may be subject to discipline, up to and including termination of employment. The Company encourages employees to report any incident of possible discrimination or harassment.

5.    <u>Implementation</u>

The Company expects the cooperation of all employees in making this policy work. The Company's intent in preparing, implementing, and distributing this policy is to help insure compliance with federal, state, and local laws. This policy is not intended to impose any contractual obligations on the Company or any of its employees or representatives. Questions about this policy should be directed to John Husmoe.

Ml:



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

NOTICE

This Notice is posted pursuant to a Consent Decree approved by the United States District Court in the case of <u>EEOC v. Emergency Physicians Professional Association</u>, Civil Case No. 99-1489, filed in United States District Court, District of Minnesota.

The Consent Decree is based on a lawsuit filed by the Equal Employment Opportunity Commission (EEOC), against Emergency Physicians Professional Association (EPPA). The EEOC alleged that EPPA violated Title VII of the Civil Rights Act of 1964 by subjecting three of its female employees to a sexually hostile work environment. Without admitting any liability under Title VII, EPPA has agreed to settle the lawsuit filed by the EEOC. As part of the settlement, EPPA will pay the three women monetary damages and will provide sexual harassment training to all managers, supervisors, and human resources personnel.

The EEOC is the federal agency that administers, interprets, and enforces the federal equal employment opportunity laws, including Title VII, the Equal Pay Act (EPA), the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). Each of the Acts listed prohibits employers from retaliating against employees for opposing practices made unlawful by the Act or for participating in an administrative or judicial proceeding under the Act.

THIS NOTICE MAY NOT BE REMOVED BEFORE_____.

Exhibit 2